# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 8, 2025

Lyle W. Cayce
Clerk

No. 24-50827

UNITED STATES OF AMERICA

*Plaintiff—Appellee*,

*versus*

CALEB PARKERSON

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
Case No. 5:22-CR-340-1

Before ELROD, *Chief Judge*, and CLEMENT and HAYNES, *Circuit Judges*.
HAYNES, *Circuit Judge*:[*]

Defendant Caleb Parkerson moved to suppress evidence found during a warrantless search of a tent in which he was sleeping. The search was conducted while Parkerson was trespassing on Texas Department of Transportation property. The district court denied the motion, finding that Parkerson did not have a reasonable expectation of privacy while trespassing. We agree with the district court and AFFIRM.

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-50827

## I.  Background

Parkerson was sleeping in a tent under a San Antonio overpass where there were other unhoused persons. The property belongs to the Texas Department of Transportation and is marked with numerous "No Trespassing" signs. The San Antonio Police Department regularly conducts "cleanups" of these encampments and arrests anyone who has previously been warned to leave.

One or two days prior to a cleanup, police officers visit the encampments to notify the campers. During one such visit, an officer lifted the unzipped flap of the tent where Parkerson was sleeping. The officer found Parkerson sleeping on a mattress with a gun beside him in plain sight. The officer identified Parkerson as having several active arrest warrants and arrested him.

Parkerson, who already had a felony criminal record, was indicted on one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(d)(1). Before pleading guilty, Parkerson moved to suppress evidence obtained through the search of his tent, including the gun. The district court denied the motion, holding that "Parkerson had no expectation of privacy that society is willing to recognize as reasonable or legitimate." Parkerson timely appealed.

## II.  Discussion

When reviewing a district court's denial of a motion to suppress, we review legal conclusions—"including whether an expectation of privacy is reasonable under the circumstances"—de novo. *United States v. Cardoza-Hinojosa*, 140 F.3d 610, 613 (5th Cir. 1998).

The Fourth Amendment to the United States Constitution "protects individuals from unreasonable searches and seizures that intrude on

2

reasonable expectations of privacy." *United States v. Villarreal*, 963 F.2d 770, 773 (5th Cir. 1992); *see* U.S. CONST. amend. IV. A "search" for purposes of the Fourth Amendment occurs only when (1) the individual has "exhibited an actual (subjective) expectation of privacy" and (2) that expectation is "one that society is prepared to recognize as reasonable." *Smith v. Maryland*, 442 U.S. 735, 740 (1979) (citation modified).

Even assuming *arguendo* that Parkerson had a subjective expectation of privacy here, we conclude that expectation was not reasonable. The Supreme Court has not directly addressed whether a trespasser may have a reasonable expectation of privacy, but it has indicated that the answer is no. In *Rakas v. Illinois*, the Court restated the principle that "'wrongful' presence at the scene of a search would not enable a defendant to object to the legality of the search." 439 U.S. 128, 141 n.9 (1978) (citing *Jones v. United States*, 362 U.S. 257, 267 (1960), *overruled on other grounds by United States v. Salvucci*, 448 U.S. 83 (1980)).[1] For example, a burglar's expectation of privacy "is not one that society is prepared to recognize as reasonable." *Id.* at 143 n.12 (citation modified).

This is consistent with the well-settled principle that to be reasonable, an expectation of privacy must have "a source outside of the Fourth

---

[1] The holding in *Rakas* rejected the notion that being in a place lawfully automatically grants an individual a reasonable expectation of privacy. 439 U.S. at 148. Thus, the Supreme Court later overruled *Jones*'s notion of "automatic standing" for Fourth Amendment purposes due only to certain proxies, like whether a defendant was lawfully present where the search took place. *Salvucci*, 448 U.S. at 85. However, *Jones* also articulated the inverse principle: that those *wrongfully* present "cannot invoke the privacy of the premises searched." 362 U.S. at 267. That part was not overruled. In a footnote, the *Rakas* Court admonished lower courts that did not adhere to this principle. 439 U.S. at 141 n.9 ("Despite this clear statement in *Jones,* several lower courts inexplicably have held that a person present in a stolen automobile at the time of a search may object to the lawfulness of the search of the automobile."). Thus, the notion that someone who is not where he is supposed to be has a Fourth Amendment right is not supported by the Supreme Court.

Amendment, either by reference to concepts of real or personal property law or to understandings that are recognized and permitted by society." *Minnesota v. Carter*, 525 U.S. 83, 88 (1998) (citation modified). A trespasser does not have property rights in the place where he is trespassing, and society does not recognize a reasonable expectation of privacy there.

It is indeed proper to consider property rights in this analysis. The Supreme Court has, as Parkerson argues, "recognized that the principal object of the Fourth Amendment is the protection of privacy rather than property." *Warden, Md. Penitentiary v. Hayden*, 387 U.S. 294, 304 (1967); *see also Katz v. United States*, 389 U.S. 347, 351 (1967) ("[T]he Fourth Amendment protects people, not places."). Therefore, "[e]xpectations of privacy protected by the Fourth Amendment . . . need not be based on a common-law interest in real or personal property." *Rakas*, 439 U.S. at 143 n.12. Nevertheless, "by focusing on legitimate expectations of privacy . . . the Court has not altogether abandoned use of property concepts in determining the presence or absence of the privacy interests protected by [the Fourth] Amendment." *Id.* But a right to privacy does not exist in a place a person is not supposed to be. *See Amezquita v. Hernandez-Colon*, 518 F.2d 8, 11 (1st Cir. 1975) ("[A] trespasser who places his property where it has no right to be has no right of privacy as to that property." (citation modified)). Therefore, whether a person has a right to be in a certain location is relevant when considering whether he has a reasonable expectation of privacy there.

Other courts have applied the rule that a trespasser has no reasonable expectation of privacy. *See, e.g.*, *United States v. Battle*, 637 F.3d 44, 49 (1st Cir. 2011) ("A defendant lacks a legitimate expectation of privacy in a place, however, when he does not have permission to be present."); *United States v. Sanchez*, 635 F.2d 47, 64 (2d Cir. 1980) ("[A] mere trespasser has no Fourth Amendment protection in premises he occupies wrongfully."); *United States v. Ruckman*, 806 F.2d 1471, 1473 (10th Cir. 1986) (holding that

a trespasser on federal land did not have a reasonable expectation of privacy because "he could be ousted by [government] authorities . . . at any time"); *Amezquita*, 518 F.2d at 11 (holding that persons squatting on public land did not have a reasonable expectation of privacy because they "knew they had no colorable claim to occupy the land"). Furthermore, we have previously acknowledged that *Rakas* articulated this principle. *See United States v. Vega*, 221 F.3d 789, 797 (5th Cir. 2000) (stating that in the *Rakas* hypothetical, "the burglar's expectation of privacy loses its legitimacy . . . because of the wrongfulness of his presence"), *abrogated on other grounds by Kentucky v. King*, 563 U.S. 452 (2011).

Therefore, we apply this rule here and hold that Parkerson did not have a reasonable expectation of privacy. Parkerson was a trespasser on property owned by the Texas Department of Transportation—a fact Parkerson was made aware of by multiple "No Trespassing" signs. In light of these facts, we see no basis upon which any expectation of privacy would be reasonable, as both property law and the understandings of society support the opposite.[2]

That Parkerson may have thought he was using a tent as a residence does not overcome the requirement for an objectively reasonable expectation

---

[2] The holding here turns not on the fact that Parkerson was on public land but that he was trespassing. The Supreme Court has applied Fourth Amendment protections to searches in public spaces when facts created a reasonable expectation of privacy. *See, e.g.*, *Bond v. United States*, 529 U.S. 334, 338–39 (2000) (finding a person on a public bus had a reasonable expectation of privacy concerning a bag placed in an overhead bin because one might "not expect that other passengers or bus employees will, as a matter of course, feel the bag in an exploratory manner"); *Katz*, 389 U.S. at 352 (finding a person had a right to privacy against the "uninvited ear" for a call made in a public phone booth in which he closed the door and paid a toll). However, in those cases, the individuals were lawfully on the public property. Because Parkerson's presence was wrongful, any expectation of privacy remains unreasonable despite facts such as that the tent belonged to Parkerson or that a flap may have been obscuring the view into the tent.

No. 24-50827

of privacy, particularly because he was well aware that he did not have any right to be where he was. *See Kyllo v. United States*, 533 U.S. 27, 33 (2001) ("[A] Fourth Amendment search does *not* occur—even when the explicitly protected location of a *house* is concerned—unless the individual manifested a subjective expectation of privacy . . . and society is willing to recognize that expectation as reasonable." (citation modified)).

### III.    Conclusion

Even if Parkerson was using the tent as a residence and thus had a subjective expectation of privacy, that expectation was not objectively reasonable. Therefore, the Fourth Amendment is not implicated, and the district court did not err in denying Parkerson's motion to suppress. Accordingly, we AFFIRM.